UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BENTON WILLIAMS, JR.,<br>    Plaintiff, | Case No. 1:24-cv-580<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| SANTANDER CONSUMER USA INC., *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Pro se plaintiff Benton Williams, Jr. petitions the Court for a writ of mandamus based on various alleged violations of federal law in connection with his purchase of a 2014 Volkswagen Passat (Vehicle). (*See generally*, Doc. 1). In his petition, plaintiff states that he seeks $9,990,000 in compensatory damages and $250,000.00 in punitive damages. (*Id.* at PAGEID 3). Plaintiff has also moved for a temporary restraining order (TRO) and permanent injunction against defendants in order to halt their repossession of the Vehicle. (*See* Doc. 9 at PAGEID 78; Doc. 10). Plaintiff asserts that this request for a writ of mandamus "aris[es] out of" his previous case filed in this court: *Williams v. Santander Consumer USA, Inc., et al.*, Case No. 1:23-cv-513 (S.D. Ohio) (Doc. 1 at PAGEID 2).

In that previous case, the undersigned issued a Report and Recommendation that defendants'[1] motion to compel arbitration be granted and plaintiff's case be dismissed. Case No. 1:23-cv-513 (S.D. Ohio March 11, 2024) (Doc. 21). Plaintiff did not object to the Report and Recommendation, and the District Judge adopted it. Case No. 1:23-cv-513 (S.D. Ohio March 28, 2024) (Doc. 22). Plaintiff appealed the District Judge's Order, but the Sixth Circuit

---

[1] Defendant Santander Consumer USA Inc. is a defendant in both cases. The other two defendants in S.D. Ohio Case No. 1:23-cv-513 were Santander Drive Auto Receivables LLC and Santander Drive Auto Receivables Trust 2022-1; here, the other two defendants are Santander Drive Auto Investments LLC and Santander Drive Auto Trust 2023-1.

dismissed the appeal on September 5, 2024.  Case No. 1:23-cv-513 (S.D. Ohio Sept. 5, 2024) (Doc. 26).

It is not clear from plaintiff's petition whether arbitration proceedings were held following the Court's Order compelling arbitration.  It seems not, as plaintiff states that defendants engaged in "bad faith conduct" by moving to compel arbitration in Case No. 1:23-cv-513 (S.D. Ohio) when they "knew the arbitration" provision of the underlying contract "had been vitiated by . . . fraud. . . ." (Doc. 1 at PAGEID 3).

A. Mandamus

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should [be] issue[d]."  *Brown v. E.E.O.C.*, Case No. 11-cv-666, 2012 WL 4107831, at *3 n.1 (S.D. Ohio Sept. 18, 2012) (quoting *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991)) (alteration in original).  The Court is required to assess its subject matter jurisdiction over every dispute.  *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)) ("[D]istrict courts have 'an independent obligation to determine whether subject-matter jurisdiction exists'. . . .").

"[O]nly when an officer or employee of the United States owes a legal duty to the plaintiff does the district court 'have original jurisdiction of any action in the nature of mandamus.'"  *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002) (quoting 28 U.S.C. § 1361).  Here, plaintiff's petition does not present a legal duty owed to him by an officer or employee of the United States, and the Court therefore finds that it lacks

2

jurisdiction to issue the relief sought.[2]  *Amoah v. Garland*, Case No. 3:22-cv-00677, 2023 WL 8374755, at *3 (W.D. Ky. Dec. 4, 2023) ("By failing to allege that [an officer or employee of the United States] owes a clear, undisputable, and nondiscretionary duty to Plaintiff, Plaintiff has failed to state a claim for mandamus, meaning that the Court lacks subject matter jurisdiction under Section 1361.").

    B. <u>Arbitration proceedings</u>

There are two points at which courts may be involved in arbitration proceedings under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*: (1) at the outset, when gateway matters of arbitrability are at issue, and (2) once the arbitration has concluded.  *Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 748 F.3d 708, 717-22 (6th Cir. 2014).  This Court has already addressed gateway matters of arbitrability in Case No. 1:23-cv-513 (S.D. Ohio).  To the extent plaintiff may be seeking Court review based on the second provision, he does not alleged that arbitration has concluded and that he seeks review of that decision.  Based on the recent disposition of plaintiff's appeal of the Order compelling arbitration and dismissing Case No. 1:23-cv-513 (S.D. Ohio) and the allegations contained in plaintiff's petition here, the Court has no reason to believe that arbitration has occurred.  As such, the Court does not construe plaintiff's petition as seeking relief following the completion of arbitration.  *See* 9 U.S.C. §§ 10, 11 (vacation, modification, or correction of arbitration award).

---

[2] In addition to § 1361, § 1651(a) authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  This statute, the All Writs Act, recognizes "the power of a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued. . . ."  *Sable v. Gen. Motors Corp.*, 90 F.3d 171, 175 (6th Cir. 1996) (quoting *United States v. New York Telephone Co.,* 434 U.S. 159, 172 (1977)), *abrogated on other grounds as recognized in City of Warren v. City of Detroit*, 495 F.3d 282, 289 (6th Cir. 2007).  Here, the relief plaintiff seeks would appear to frustrate (as opposed to prevent the frustration of) this Court's prior order compelling him to submit to arbitration of this dispute, and the Court does not find § 1651(a) to be applicable.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Court dismiss plaintiff's petition (Doc. 1) for lack of subject matter jurisdiction.

2. Plaintiff's "Emergency Motion for Temporary Restraining Order and Permanent Injunction Prohibiting Repossession of Plaintiff's Automobile" (Docs. 9, 10) be **DENIED as moot**.

**IT IS THEREFORE ORDERED THAT**:

1. The Clerk mail a courtesy copy of this Report and Recommendation to the defendants in Case No. 1:23-cv-513 (S.D. Ohio).

Date: **Nov 6, 2024**

_____
Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENTON WILLIAMS, JR.,
    Plaintiff,

vs.

SANTANDER CONSUMER USA INC., *et al.*,
    Defendants.

Case Case No. 1:24-cv-580
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).